Betsy C. Manifold (182450)
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>BANC OF CALIFORNIA, INC., JARED M. WOLFF, ROBERT D. SZNEWAJS, JAMES A. BARKER, MARY A. CURRAN, SHANNON F. EUSEY, BONNIE G. HILL, DENIS P. KALSCHEUR, RICHARD J. LASHLEY, JOSEPH J. RICE, VANIA E. SCHLOGEL, JONAH F. SCHNEL, and ANDREW THAU,<br><br>Defendants. | Case No. **'23 CV 2039 JLS  DDL**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Richard Williams ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to

- 1 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.      This is a stockholder action brought by Plaintiff against Banc of California, Inc. ("Banc of California" or the "Company") and the members of Banc of California's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to merge Banc of California with PacWest Bancorp ("PacWest") (the "Proposed Transaction").

2.      On July 25, 2023, Banc of California entered into an Agreement and Plan of Merger with PacWest and Banc of California's wholly owned subsidiary, Cal Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement").  Under the terms of the Merger Agreement, Merger Sub will merge with and into PacWest, with PacWest as the surviving entity.  Immediately following, PacWest will merge with and into Banc of California, with Banc of California as the surviving corporation.  Pursuant to the terms of the Merger Agreement, PacWest stockholders will receive 0.6569 shares of Banc of California common stock per share of PacWest common stock.  Concurrently with entry into the Merger Agreement, Banc of California entered into investment agreements with affiliates of funds managed by Warbug Pincus LLC ("Warburg") and certain investment vehicles sponsored, managed or advised by Centerbridge Partners, L.P. and its affiliates ("Centerbridge," and together with Warburg, the "Investors"), pursuant to which the Investors will invest an aggregate of $400 million for newly issued equity securities concurrently with the closing of the Proposed Transaction. Upon completion of the Proposed Transaction, PacWest will own 47%, Banc of California will own 34% and the Investors will own 19% of the combined company.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

3.     Under the Merger Agreement, Banc of California is required to issue additional shares of Banc of California common stock (the "Share Issuance"). As a New York Stock Exchange ("NYSE") listed company, Banc of California is required by NYSE listing rules to secure shareholder approval before issuing 20% or more of its outstanding common stock and before issuing securities that will result in a "change of control" of the company. Thus, the Proposed Transaction is contingent upon Banc of California shareholders voting to approve the proposed Share Issuance.

4.     On October 23, 2023, the Board caused to be filed the materially incomplete and misleading Form 424B3 Prospectus (the "Prospectus") with the SEC. Specifically, the Prospectus, which recommends that Banc of California stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the financial projections for Banc of California and PacWest, relied upon by the Company's financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan") in connection with rendering its fairness opinion; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, J.P. Morgan; and (iii) potential conflicts of interest faced by J.P. Morgan.

5.     The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Banc of California stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

6.     The special meeting for Banc of California stockholders to vote on the Proposed Transaction is currently scheduled for November 22, 2023. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Banc of California's other shareholders to make an informed decision whether to vote their shares in favor of the Share Issuance and Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are

- 3 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1   cured.

2   **JURISDICTION AND VENUE**

3       7.      This Court has jurisdiction over the claims asserted herein for violations

4   of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9 promulgated

5   thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28

6   U.S.C. §1331 (federal question jurisdiction).

7       8.      Personal jurisdiction exists over the defendants because each defendant

8   either conducts business in or maintains operations within this District, or is an

9   individual with sufficient minimum contacts with this District so as to make the

10   exercise of jurisdiction by this Court permissible under traditional notions of fair play

11   and substantial justice.

12       9.      Venue is proper in this District under Section 27 of the Exchange Act, 15

13   U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company maintains

14   full service branches throughout this District; and (ii) defendants have received

15   substantial compensation in this District by doing business here and engaging in

16   numerous activities that had an effect in this District.

17   **THE PARTIES**

18       10.     Plaintiff is, and has been at all relevant times, the owner of shares of Banc

19   of California common stock.

20       11.     Defendant Banc of California is a Maryland corporation, with its principal

21   executive offices located at 3 MacArthur Place, Santa Ana, California 92707.  Banc of

22   California's shares trade on the NYSE under the ticker symbol "BANC."

23       12.     Defendant Jared M. Wolff has been Chairman of the Board and President,

24   Chief Executive Officer and a director of the Company at all relevant times.

25       13.     Defendant Robert D. Sznewajs has been Vice Chairman of the Board and

26   Lead Independent Director of the Company at all relevant times.

27

28

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

14.     Defendant James A. Barker has been a director of the Company at all relevant times.

15.     Defendant Mary A. Curran has been a director of the Company at all relevant times.

16.     Defendant Shannon F. Eusey has been a director of the Company at all relevant times.

17.     Defendant Bonnie G. Hill has been a director of the Company at all relevant times.

18.     Defendant Denis P. Kalscheur has been a director of the Company at all relevant times.

19.     Defendant Richard J. Lashley has been a director of the Company at all relevant times.

20.     Defendant Joseph J. Rice has been a director of the Company at all relevant times.

21.     Defendant Vania E. Schlogel has been a director of the Company at all relevant times.

22.     Defendant Jonah F. Schnel has been a director of the Company at all relevant times.

23.     Defendant Andrew Thau has been a director of the Company at all relevant times.

24.     Defendants identified in paragraphs 12-23 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

25.     Banc of California is a bank holding company for its wholly-owned subsidiary, Banc of California N.A. (the "Bank").  The Bank has 33 offices, including 27 full-service branches located throughout Southern California.   The Company

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

provides customized and innovative banking and lending solutions to businesses, entrepreneurs and individuals throughout California, and full stack payment processing solution through its subsidiary Deepstack Technologies.  As of June 30, 2023, Banc of California, together with its subsidiaries, had total assets of $9.37 billion, loans and leases, net of deferred fees, of $7.08 billion, total deposits of $6.87 billion and total stockholders' equity of $0.957 billion.

**The Proposed Transaction**

26. On July 25, 2023, Banc of California announced that it had entered into the Proposed Transaction, stating, in relevant part:

> SANTA ANA, Calif. & BEVERLY HILLS, Calif.--(BUSINESS WIRE)-- Banc of California, Inc. ("Banc of California") (NYSE: BANC) and PacWest Bancorp ("PacWest") (Nasdaq: PACW) today announced the signing of a definitive agreement pursuant to which the companies will combine in an all-stock merger transaction. Under the terms of the agreement, which was unanimously approved by the boards of directors of both companies, PacWest will merge into Banc of California, and Banc of California, N.A. will merge into Pacific Western Bank. The combined holding company and bank will operate under the Banc of California name and brand following closing of the transaction. Under the terms of the merger agreement, PacWest stockholders will receive 0.6569 of a share of Banc of California common stock for each share of PacWest common stock.

> The merger will create the premier California business banking franchise, which will be well-positioned to capitalize on market opportunities and broaden the channels and customers it serves through increased scale and expanded product offerings.

> Banc of California also announced today that it has entered into investment agreements with affiliates of funds managed by Warburg Pincus LLC (the "Warburg Investors") and certain investment vehicles, managed or advised by Centerbridge Partners, L.P. and its affiliates (the "Centerbridge Investors" and, together with the Warburg Investors, the "Investors"), which will invest an aggregate of $400 million for newly issued equity securities concurrently with, and subject to, closing of the merger. The proceeds from this capital raise are expected to be utilized in

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

conjunction with other planned actions to reposition the combined company's balance sheet and generate material savings. The combined company will repay ~$13 billion in wholesale borrowings, funded by sales of assets which are fully marked as a result of the transaction, and excess cash. Banc of California, N.A. has entered into a $3.5 billion interest rate swap and a contingent forward asset sale agreement to hedge interest rate risk and lock in proceeds. These repositioning transactions for the combined company will result in a higher net interest margin, estimated to add over 170bps compared to the pre-restructured balance sheet. The actions result in a CET1 of 10%+ pro forma, which includes the cost of swaps purchased and forward sales.

Following closing and the asset sales, the combined company is expected to have approximately $36.1 billion in assets, $25.3 billion in total loans, $30.5 billion in total deposits and more than 70 branches in California.

Upon completion of the proposed transaction, (a) the shares issued to PacWest stockholders in the merger are expected to represent approximately 47% of the outstanding shares of the combined company, (b) the shares issued to the Investors in the equity capital raise transaction discussed above are expected to represent approximately 19% of the outstanding shares of the combined company and (c) the shares of Banc of California common stock that are outstanding immediately prior to completion of the merger are expected to represent approximately 34% of the outstanding shares of the combined company.

Jared Wolff, President and Chief Executive Officer of Banc of California, will retain the same roles at the combined company. John Eggemeyer, who currently serves as the independent Lead Director on the board of PacWest, will become the Chairman of the board of the combined company following the merger. The board of directors of the combined company will consist of 12 directors: eight from the existing Banc of California board, three from the existing PacWest board and one from the Warburg Investors.

"This transformational merger will create a robust, well-capitalized and highly liquid institution poised to deliver exceptional service to even more California businesses and communities," said Mr. Wolff. "We believe both Banc of California and PacWest stockholders will benefit from the compelling economics of the combined company and its enhanced ability to deliver profitable and sustainable growth. Out of the gate, the combined

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

company will have the strength and market position to support the banking needs of small and medium-size businesses in California and to capitalize on the opportunities created for stronger financial institutions in the wake of the recent banking industry turmoil."

Mr. Wolff added, "Due to the high degree of familiarity between our businesses, we anticipate a smooth integration that will enable us to quickly and effectively capitalize on the long-term opportunities unlocked by the strength of our combined platform. Both institutions follow a client-first, relationship-based approach to serving our clients and communities while emphasizing prudent risk management. We believe that uniting the talent and expertise from both organizations, along with our cultural similarities and deep familiarity with each other's business, will accelerate the execution and delivery of strong and growing franchise value for all stakeholders."

Paul Taylor, President and Chief Executive Officer of PacWest, stated, "This merger is a tremendous opportunity for PacWest's stockholders, customers, communities and employees, representing significant immediate and long-term value beyond PacWest's standalone strategic plan. I am honored and extremely proud of the PacWest team's fortitude over the past several months amidst industry-wide volatility. With the combined strength of both institutions, new capital from investors that are committed to the strategic vision and value creation of this merger, and a proven track record of successful integrations, the combined company will be well-positioned to provide significant value for the long term to all of our constituents."

Todd Schell, who will join the board from Warburg Pincus, noted, "We are excited to back the strategic combination of two institutions we know well and respect. The transaction provides an opportunity to execute a highly accretive balance sheet repositioning which generates substantial incremental earnings and positions the combined company for the next leg of profitable growth."

**Strategic Benefits of the Transactions**

Enhanced scale and capabilities to serve substantial void in California: The combined company will be strategically positioned to capitalize on market opportunities in California. It will have operational and financial scale to increase investment in the franchise, including its technology

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

platform, in order to elevate the client experience, improve efficiencies, attract the highest quality talent, and enhance new business development efforts.

Strong balance sheet: The combined company will have access to additional liquidity through a targeted balance sheet repositioning at closing, supported by committed capital of $400 million from the Investors, resulting in robust capital levels and a strong liquidity profile.

Diversified deposit base and loan portfolio: The combined company will focus on serving small and medium-sized businesses in its footprint through exceptional treasury management services and commercial and real estate lending that leverage Banc of California's and PacWest's mutual strengths in core community banking. Banc of California's niche strengths in healthcare, education, entertainment and warehouse lending, and PacWest's niche expertise in HOA banking services, portfolio lending, equipment lending and leasing, and SBA lending combine for a diversified loan portfolio. The combination also creates a more diverse overall deposit mix by combining complementary deposit specialties.

Experienced management teams with significant integration experience and deep familiarity: The combined leadership team is seasoned with a proven track record of performance and merger integration.

**Financial Benefits of the Merger**

The financial benefits of the transaction are compelling, with estimated 2024 EPS and tangible book value accretion of 20+% and ~3%, respectively. The pro forma combined company financial metrics are based on Banc of California's stand-alone consensus median analyst estimates, estimated combined company cost synergies, anticipated purchase accounting adjustments, the expected merger closing time-frame, and the capital raise. On a pro forma basis, the business is expected to deliver compelling operating and return metrics with cost savings on a fully-phased in basis, including:

- Loan to Deposit Ratio of approximately 85%
- Wholesale Funding Asset Ratio of approximately 8%
- Liquidity Coverage Ratio of 2.0x+
- Common Equity Tier 1 Capital Ratio of approximately 10.0%
- Tangible Common Equity to Total Asset Ratio of 7.2%

- 9 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

- • 4Q24 Run-Rate Cash Return on Average Tangible Common Equity of approximately 13.0%
- • 4Q24 Run-Rate Return on Average Assets of approximately 1.10%
- • Capital generation in excess of 100bps per year; and
- • 2024 Estimated EPS range of $1.65–$1.80

**Transaction Details**

Banc of California will be the legal acquirer, and Banc of California N.A. will merge with and into Pacific Western Bank, which will take the Banc of California name and apply to become a Federal Reserve member. PacWest will be the accounting acquirer, with fair value accounting applied to Banc of California's balance sheet at closing. Under the terms of the merger agreement, PacWest stockholders will receive 0.6569 of a share of Banc of California common stock for each share of PacWest common stock. Each outstanding share of 7.75% Fixed Rate Reset Non-Cumulative Perpetual Preferred Stock, Series A, of PacWest will be converted into the right to receive one share of a newly created series of substantially identical preferred stock of Banc of California with the same terms and conditions.

In the equity capital raise transaction, Banc of California will sell approximately (i) 21.8 million shares of its common stock at a purchase price of $12.30 per share and (ii) 10.8 million shares of a new class of its non-voting, common-equivalent stock at a purchase price of $12.30 per share to the Investors. In addition, the Warburg Investors will receive warrants to purchase approximately 15.9 million shares of Banc of California non-voting, common-equivalent stock, and the Centerbridge Investors will receive warrants to purchase approximately 3.0 million shares of Banc of California common stock, each with an exercise price of $15.375 per share, a 25% premium to the price paid on common stock. The warrants carry a term of seven years but are subject to mandatory exercise when the market price reaches $24.60 over a specified period, a 100% premium to the price paid on common stock.

**Timing and Approvals**

The parties expect the closing of the merger to occur in late 2023 or early 2024, subject to satisfaction of closing conditions, including receipt of customary required regulatory approvals and requisite approval by the stockholders of each company, and the concurrent closing of the equity

- 10 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

capital raise. The equity capital raise is expected to close concurrently with the merger, subject to the concurrent closing of the merger and other closing conditions.

**Advisors**

J.P. Morgan Securities LLC is acting as financial advisor and rendered a fairness opinion to the board of directors of Banc of California and is acting as sole placement agent to Banc of California. Skadden, Arps, Slate, Meagher & Flom LLP is serving as legal counsel to Banc of California. Piper Sandler & Co. is acting as financial advisor to, and rendered a fairness opinion to the board of directors of, PacWest. Sullivan & Cromwell LLP is serving as legal counsel to PacWest. Jefferies LLC is acting as financial advisor to Warburg Pincus and Centerbridge. Wachtell, Lipton, Rosen & Katz is serving as legal counsel to Warburg Pincus, and Simpson Thacher & Bartlett LLP is serving as legal counsel to Centerbridge.

**The Materially Incomplete and Misleading Prospectus**

27.     On October 23, 2023, the Board caused to be filed a materially incomplete and misleading Prospectus with the SEC.  The Prospectus, which recommends that Banc of California stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the financial projections for the Company and PacWest relied upon by the Company's financial advisor, J.P. Morgan for its financial analyses; (ii) the financial analyses that support the fairness opinion provided by J.P. Morgan; and (iii) potential conflicts of interest faced by J.P. Morgan.

*Material Misrepresentations and/or Omissions Concerning Banc of California's and PacWest's Financial Projections*

28.     The Prospectus fails to disclose material information concerning the financial projections for the Company and PacWest.

29.     Specifically, the Prospectus sets forth that in connection with performing its *BANC Standalone Dividend Discount Analysis*, J.P. Morgan "discounted the estimated dividend streams from BANC for the period of the fourth quarter of 2023

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1   and calendar years 2024 through 2027 and the range of terminal values as of December

2   31, 2027 to derive present values, as of September 30, 2023, of BANC." Prospectus at

3   92. Yet, the Prospectus fails to disclose the estimated dividend streams of the Company

4   for the fourth quarter of 2023 and calendar years 2024 through 2027, utilized by J.P.

5   Morgan for its dividend discount analysis of the Company.

6       30.   Similarly, in connection with its *PACW Standalone Dividend Discount*

7   *Analysis*, the Prospectus sets forth that J.P. Morgan "discounted the estimated dividend

8   streams from PACW for the period of the fourth quarter of 2023 and calendar years

9   2024 through 2027 and the range of terminal values as of December 31, 2027 to derive

10  present values, as of September 30, 2023, of PACW." *Id.* at 91. The Prospectus,

11  however, fails to disclose the estimated dividend streams of PacWest for calendar years

12  2026 and 2027, relied upon by J.P. Morgan for its dividend discount analysis of

13  PacWest.

14  *Material Misrepresentations and/or Omissions Concerning J.P. Morgan's Financial*

15  *Analyses*

16      31.   The Prospectus fails to disclose material information concerning J.P.

17  Morgan's financial analyses.

18      32.   With respect to J.P. Morgan's *PACW Standalone Dividend Discount*

19  *Analysis*, in addition to PacWest's estimated dividend streams for calendar years 2026-

20  2027, the Prospectus fails to disclose a quantification of: (i) PacWest's 2028 estimated

21  net income used to derive the terminal values and PacWest's terminal values; and (ii)

22  the inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%.

23      33.   With respect to J.P. Morgan's *BANC Standalone Dividend Discount*

24  *Analysis*, in addition to the Company's estimated dividend streams, the Prospectus fails

25  to disclose a quantification of: (i) the Company's terminal values; and (ii) the inputs

26  and assumptions underlying the discount rates ranging from 7.5% to 9.5%.

27

28

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

34.     With respect to J.P. Morgan's *PACW Public Trading Multiples Analysis* and *BANC Trading Multiples Analysis*, the Prospectus fails to disclose the individual multiples and financial metrics for each of the companies analyzed.

*Material Misrepresentations and/or Omissions Concerning J.P. Morgan's Potential Conflicts of Interest*

35.     The Prospectus fails to disclose material information concerning the potential conflicts of interest faced by J.P. Morgan.

36.     For example, the Prospectus fails to disclose the amount of compensation J.P. Morgan has received for providing services to each of Warburg, portfolio companies of Warburg, and Centerbridge, in the two years prior to rendering its fairness opinion.

37.     In sum, the omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information" and "Opinion of BANC's Financial Advisor" sections of the Prospectus materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Banc of California will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Banc of California**

38.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

39.     The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Banc of California is liable as the issuer of these statements.

40.     The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

41.     The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

42.     The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

43.     The Prospectus is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

44.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

45.     Because of the false and misleading statements in the Prospectus, Plaintiff is threatened with irreparable harm.

## <u>COUNT II</u>

**Claims for Violation of Section 20(a) of the Exchange Act**

**Against the Individual Defendants**

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

46.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47.     The Individual Defendants acted as controlling persons of Banc of California within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Banc of California and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

48.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Prospectus alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Prospectus.

50.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

51.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Banc of California, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Prospectus;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Directing the Individual Defendants to file a Prospectus that does not contain any untrue statements of material fact;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

//
//
//
//
//
//
//

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: November 3, 2023

**WOLF HALDENSTEIN
ADLER FREEMAN & HERZ
LLP**

By: /s/ *Betsy C Manifold*
Betsy C. Manifold (182450)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**ACOCELLI LAW, PLLC**
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email:
racocelli@acocellilaw.com

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS